MARGARET G. SPADER AND OTHERS, APPELLANTS, *v.* GEORGE A. POWERS AND OTHERS, RESPONDENTS.

*Will of a testator who died in 1828 — life estate with remainder to heirs of life tenant — words of limitation not of purchase — contingent estate, application of rule in Shelley's Case thereto.*

A testator, by his will, devised certain premises as follows:
"To my daughter, Margaret, for and during her natural life, and after her death then to her heirs forever, or in the event of her being dead at the time of the death of my said son, Isaac M. Gilbert, then to her heirs directly in fee."
The testator died in 1828, and Isaac M. Gilbert died after his father and before Margaret, who died in 1883, intestate.

*Held*, that the words of the will, "her heirs," were words of limitation, and not of purchase; and that as the whole estate became at once, upon the happening of the contingency, vested in Margaret the life term became merged in the inheritance.

That although the devise was contingent the rule in *Shelley's Case* operated immediately upon the happening of the contingency.

APPEAL by plaintiffs from a judgment entered, after a trial at the New York Circuit before the court and a jury, in the office of the clerk of the county of New York on the 14th day of November, 1888.

The judgment was in favor of the defendant George A. Powers, individually and as trustee, against the plaintiffs for the costs of the action.

*W. M. Rosebault*, for the appellants.

*D. T. Walden*, for the respondents.

BRADY, J. :

This action was brought to recover possession of certain real estate in this city, known as 138 Fulton street, but designated in the will of John W. Gilbert as 132 Fulton street. He died in 1828, seized in fee simple absolute of the premises in question. He left a will dated February 13, 1827, which was proved before the surrogate of this county October 7, 1828. By his will he devised the premises to his son, Isaac M. Gilbert, for life, and after his death disposed of them in the following language :

" To my daughter, Margaret, for and during her natural life, and after her death, then to her heirs forever, or, in the event of her being dead at the time of the death of my said son, Isaac M. Gilbert, then to her heirs directly in fee."

Isaac M. Gilbert died after his father, and Margaret, in her life-time, conveyed the property, the title vesting in the defendant Powers. She died in 1883, intestate, leaving the plaintiffs her heirs-at-law.

This action was brought by them upon the claim that, under the will of John W. Gilbert, Margaret's ancestor, she took but a life estate and her heirs the fee. The defendants insist that the will having been executed, and the testator having died before the passage of the Revised Statutes, the rule in *Shelley's Case* is applicable, and that under it Margaret took a fee from her father, and consequently

her conveyance transferred an indefeasible title which vested in the defendants.

The learned justice at circuit took the latter view and directed a. verdict for the defendant. The opinion then delivered, which sufficiently disposes of the question, is as follows:

" BARRETT, J. The will in question took effect prior to the Revised Statutes, consequently the rule in *Shelley's Case* is applicable to the. devise. The testator is presumed to have used the language that. he did in the sense given to it by the then existing and settled law. Under the rule in *Shelley's Case* it is clear that upon the death of Isaac M. Gilbert the entire fee passed to Margaret Gilbert. The devise here is almost precisely in the language of that case. In *Schoonmaker* v. *Sheely* (3 Denio, 485) the devise was to the testator's. son, B., during his natural life, and after his decease to his heirs and their heirs and assigns forever. It was held that B., by force of the. rule in *Shelley's Case*, took an estate in fee. (And see *Brant* v. *Gelston*, 2 Johns. Cas., 384; *Campbell* v. *Rawdon*, 18 N. Y., 420 ;. *Moore* v. *Littel*, 41 id., 46.) Even where the devise was contingent, the rule operated upon the happening of the contingency. Thereupon the estate at once vested, and the life term merged in the inheritance. In case of Margaret's death before the vesting of her life estate in possession, her heirs were to take directly from the testator. In that event the words 'her heirs' are words of purchase. But as her life estate vested in possession the words 'her heirs' are clearly words of limitation. There can be no doubt of the testator's intention that the rule (upon the taking effect of Margaret's life) should work the fee. The court, therefore, directs the jury to render a verdict in favor of the defendants."

The rule in *Shelley's Case* (1 Coke 93 *b*) held, and (per ALLEN, J.,. . in *Lytle* v. *Beveridge*, 58 N. Y., 601) upon very subtle and artificial reasoning, that when an estate of freehold is limited to a person, and in the same instrument there is a limitation, either mediate or immediate, to his heirs or the heirs of his body, the word "heirs" is to be taken as a word of limitation, or, in other words, the ancestor takes. the whole estate. If the devise be to the heirs of his body, he takes. a fee tail, if to heirs generally, a fee simple. And the domination of this doctrine as the controlling one prior to the passage of the.

Revised Statutes is established, as we have seen, by a variety of cases. It has happily been swept away, and with it the prevalence of the subtle and artificial reasoning which marked its birth, and the intense refinements which were resorted to in its defense, all yielding to the assaults made upon it resulting in its abolition in 1830 (1 R. S., 724, Revisers' notes; 5 Stat. at Large 302), with a view to give full effect, unembarrassed by it, to the more natural and reasonable doctrine, that the intent of the testator is the guiding and controlling rule of interpretation, in the perpetuation of which the law disregards the technical meaning of words and phrases when necessary. The same specious reasoning out of which it sprung is ingeniously employed by the counsel for the appellant to overcome its application here, an attempt promoted and distinguished more by prejudice against the rule than by anticipation of success in the battle against it. It is deemed unnecessary to follow the argument of the learned counsel, however, inasmuch as it appears, notwithstanding his claim to the contrary, that the clause of the testator's will is within the rule considered, and with reference to which it was undoubtedly framed, and by which it was expected and intended it would be governed.

For these reasons, without any more extended discussion, which, however interesting, could lead to no different result, the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and DANIELS, J., concurred in result.

Judgment affirmed, with costs.